UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00369-MOC-DCK

| | |
|---|---|
| **RREF II DEU ACQUISITIONS, LLC,** | )<br>) |
| Plaintiff, | )<br>) |
| Vs. | )      ORDER<br>) |
| **INVESTMENTS INTERNATIONAL, INC.;**<br>**LYNN BLACKMON; AND BRUCE**<br>**BLACKMON,** | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the court on defendants' Motion for Relief from Judgment. On April 11, 2014, this court entered Judgment in favor of plaintiff and against defendants inasmuch as the deadline for filing a response to plaintiff's Motion for Summary Judgment ran March 17, 2014. For cause, counsel for defendant states "that Counsel for Plaintiff informed counsel for Defendants that the Court would not rule on Plaintiff's Motion for Summary Judgment until after the mediation had been conducted and thus Defendants did not file a response to such motion." Def. Brief in Support (#24) at 2 (error in original).

After the Motion for Summary Judgment was filed, Judge Keesler noted that the parties had failed to comply with the Pretrial Order by filing a report concerning the outcome of mediation by January 30, 2014. Quite properly, Judge Keesler ordered the parties to file "a report on the results of mediation … on or before March 10, 2014." Order (#18) at 2. Counsel for plaintiff filed a report, stating as follows:

> Counsel for Plaintiff further contends that the lack of mediation in the instant case is harmless error and can be quickly remedied by the parties. The Defendants in the instant action have limited motivation in defending this action as one or more of the Defendants are subject to multiple judgments that total

1

> approximately $24,000,000.00. Further, written discovery was propounded to the Defendants on or about August 29, 2013; Defendants never responded to the written discovery, nor did the Defendants request an extension to respond to such discovery. Based on the foregoing, it is unlikely that mediation between the parties will be successful. Nonetheless, counsel for Plaintiff did contact counsel for Defendants to work to schedule the mediation on Friday, March 7, 2014. Specifically, counsel for Plaintiff suggested two potential mediators and indicated that her office would facilitate the scheduling of the mediation if counsel for Defendants would agree to one of the proposed mediator selections.

Notice (#19) at 2. Such Notice did not provide the court with any agreed to mediation date or request a reopening and extension of the mediation deadline. See Fed.R.Civ.P. 6(b). Nowhere in Judge Keesler's Order did he indicate that the court would indefinitely enlarge defendants' response date.

In addition to the parties never seeking a reopening and extension of the mediation deadline, counsel for defendants never filed a motion seeking an extension of the deadline for responding to the Motion to Summary Judgment. The Pretrial Order is clear on the subject and provides: "[i]f counsel need more than fourteen (14) days to file a response or seven (7) days to file a reply, a motion for extension of time shall be filed, accompanied by a proposed order." Pretrial Order (#11) at II(E) (emphasis added).

While this court certainly prefers that the parties settle their own disputes if they can and will, on occasion, withhold *decision* on summary judgment where the parties request additional time, missing a mediation deadline is never cause for a party to ignore a deadline for filing a response to a potentially dispositive motion. Put another way, missing one deadline is never an excuse for missing another deadline.

Despite Judge Keesler's Order, the parties have yet to bring this action into conformity with the Pretrial Order or the Federal Rules of Civil Procedure. Where a deadline set in the Pretrial Order is missed, the parties must file a Motion to Reopen and

Enlarge that deadline and therein show excusable neglect. Fed.R.Civ.P. 6(b). If the parties' operative theory was correct, they could simply ignore all other deadlines contained in the Pretrial Order by missing the mediation deadline. Deadlines in this court are paper driven, as they are set by the Pretrial Order and enlarged by Orders that are prompted by motions. Where a deadline is missed the parties are required by Rule 6(b) to file an appropriate motion. Indeed, the court also has deadlines set by Congress in the CJRA to issue a decision within 30 days of a motion becoming ripe: as to plaintiffs' Motion for Summary Judgment, that motion became ripe March 17, 2014, when defendants failed to respond.

With those concerns expressed, the court will not penalize the defendants for counsel's misguided, but good-faith missteps. In addition to relief from Judgment, counsel for defendant seeks to require all the parties… to mediate this case prior to judgment …." Motion (#23) at 3. The requested relief does not include an enlargement of the time to respond. Again, defendants' request puts the cart before the horse as Judgment can be entered for any number of reasons, as herein explained. In allowing the instant motion, the parties will however be required to bring this case back into conformity with the Pretrial Order and longstanding practice by filing appropriate motions to reopen and enlarge deadlines, including the mediation, motions, response, and trial deadlines. Counsel should note well that the Local Civil Rules requires the mediator, not counsel for plaintiff, to file a report of outcome within seven days of mediation. See L.Cv.R. 16.3(c)(3).

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion for Relief from Judgment (#23) is GRANTED, the Judgment previously entered in withdrawn, and the parties shall file appropriate motions for extension of time within the next seven days.

Signed: May 28, 2014

Max O. Cogburn Jr.
United States District Judge