# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:12-CV-369-MOC-DCK

| | |
|---|---|
| RREF II DEU ACQUISITIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  **ORDER** |
| | ) |
| INVESTMENTS INTERNATIONAL, INC., | ) |
| BRUCE BLACKMON, and LYNN | ) |
| BLACKMON, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Compel" (Document No. 35). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for review. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## I. BACKGROUND

This action was initiated by Plaintiff's predecessor, German American Capital Corporation, filing a Complaint on June 13, 2012. (Document No. 1). The Complaint asserts claims for: (1) Breach of the Notes and Loan Agreement; (2) Breach of the Guaranties; and (3) Attorney's Fees. Id.

The Court issued its initial "Pretrial Order And Case Management Plan" (Document No. 11) on December 19, 2012, setting the following deadlines: Discovery – October 1, 2013; Mediation – October 1, 2013; Motions – November 1, 2013; and Trial - February 3, 2014. (Document No. 11). It appears there was then little, if any, activity in this case until the parties filed a "Joint Motion For Continuance Of Trial Date And Request For Continuance Of All

Remaining Scheduling Order Deadlines" (Document No. 12) on September 26, 2013. The Court allowed the parties' motion and revised the case deadlines as follows: Discovery – January 30, 2014; Mediation – January 30, 2014; Motions – February 28, 2014; and Trial - June 16, 2014. (Document No. 13).

Plaintiff filed a timely motion for summary judgment on February 28, 2014. (Document No. 15). On April 1, 2014, the Court granted "Plaintiff's Motion For Summary Judgment" (Document No. 15), and the Clerk of Court entered a "Judgment In Case." See (Document Nos. 21 and 22. However, on May 29, 2014, the Court granted Defendants' "Motion For Relief From Judgment" (Document No. 23) and withdrew the previously entered Judgment. (Document No. 25).

On June 9, 2014, the undersigned granted the parties' "Joint Motion For Continuance Of Trial Date And Request For Continuance Of All Remaining Scheduling Order Deadlines" (Document No. 27). See (Document No. 31). While allowing the continuance of certain deadlines, the undersigned specifically observed "that discovery in this matter closed on or about January 13, 2014, and that the parties do not seek additional discovery, 'except the responses to Plaintiff's outstanding discovery.'" (Document No. 31, p.1) (quoting Document No. 30, p.2).

Plaintiff's "Motion To Compel" (Document No. 35) was timely filed on July 1, 2014. "Defendants' Bruce Blackmon and Lynn Blackmon's Response To Motion To Compel" (Document No. 38) was filed on July 18, 2014. To date, Defendant Investments International, Inc. has not filed a response, and the time to do so has lapsed. Plaintiff's "Reply In Support Of Motion To Compel" was filed on July 28, 2014. The pending motion to compel is now ripe for disposition.

## II.  STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).  The rules of discovery are to be accorded broad and liberal construction.  See Herbert v. Lando, 441 U.S. 153, 177 (1979);  and Hickman v. Taylor, 329 U.S. 495, 507 (1947).  However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."  Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.  See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel);  and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A).  Likewise, if a motion is denied, the Court may award reasonable expenses, including attorney's fees, to the party opposing the motion.  Fed.R.Civ.P. 37(a)(5)(B).

## III. DISCUSSION

Plaintiff now seeks an order compelling Defendants to respond immediately to Plaintiff's First Set of Interrogatories and Requests for Production of Documents (Document No. 35-1) that were first served on Defendants on August 29, 2013. (Document No. 35, p.1). Plaintiff's counsel contends that she has followed up with Defendants' counsel numerous times seeking responses, but to date "no substantive responses have been received." (Document No. 35, p.2). Defendants' counsel has apparently informed Plaintiff that discovery responses will be provided before mediation. Id. Mediation is currently scheduled for August 14, 2014, two days *after* oral arguments on the pending summary judgment motion. See (Document Nos. 32 and 37).

"Defendants' Bruce Blackmon And Lynn Blackmon's Response To Motion To Compel" (Document No. 38) was filed on July 18, 2014. In response, the Blackmon Defendants first state that "[d]ue to ongoing settlement discussions between the parties throughout the pendency of this case, Defendants did not respond to Plaintiff's initial discovery requests." (Document No. 38, p.1). Notably, Defendants do not appear to allege that they ever sought a protective order or a stay regarding the requested discovery, nor do they assert any authority suggesting that a party is excused from its discovery obligations based on "ongoing settlement discussions." (Document No. 38). As noted above, Defendant Investments International, Inc. has declined to file a response.

Defendants further state that they "will respond to Plaintiff's Interrogatories by August 1, 2014," and "object to the Requests for Production of Documents to the extent they request information that is not discoverable or will not lead to the discovery of admissible evidence." (Document No. 38, p.2). Defendants do not identify which, if any, requests for production they

4

contend request information that is not discoverable or will not lead to the discovery of admissible evidence. Id.

The undersigned also observes that the Response fails to address Plaintiff's assertion that Plaintiff's counsel attempted to confer with Defendants' counsel pursuant to Local Rule 7.1 (B) in an effort to avoid filing a motion to compel, but that Defendant's counsel did not respond. (Document No. 35, pp.2-3; Document No. 35-2).

In its "Reply In Support Of Motion To Compel" (Document No. 41), Plaintiff notes that the Response acknowledges that Defendants have failed to respond to discovery requests that have been pending for almost a year, and indicate that they still do not intend to fully and completely respond. (Document No. 41). The undersigned agrees that Defendants' purported objection(s) to the pending discovery requests are vague and untimely, and that Defendants have failed to cite any authority supporting their dilatory conduct. Id.

In short, the undersigned finds that Defendants have failed to offer any acceptable justification for refusing to respond to discovery requests served on **August 29, 2013**.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Compel" (Document No. 35) is **GRANTED**. Defendants shall provide full and complete discovery responses as soon as possible, but not later than **August 6, 2014**.

**IT IS FURTHER ORDERED** that Defendants shall reimburse Plaintiff's reasonable expenses, including attorney's fees, incurred in filing Document Nos. 35 and 41. The parties shall attempt to resolve the issue of expenses without further Court intervention. If Defendants fail to adequately reimburse Plaintiff by **August 26, 2014**, Plaintiff may file a specific motion,

supported by appropriate documentation and an affidavit, requesting relief.  Failure to abide by this Order may lead to additional sanctions against Defendants and/or Defendants' counsel.

**SO ORDERED**.

Signed: July 29, 2014

David C. Keesler
United States Magistrate Judge