# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-369-MOC-DCK

| | |
|---|---|
| RREF II DEU ACQUISITIONS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| INVESTMENTS INTERNATIONAL, INC., BRUCE BLACKMON, and LYN BLACKMON, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants Bruce Blackmon And Lyn Blackmon's Motion To Modify Subpoenas" (Document No. 61). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

## BACKGROUND

The background most relevant to the pending motion begins on or about August 11, 2014, when the remaining parties in this lawsuit filed their "Joint Motion For Consent Judgment" (Document No. 43). The Court entered the parties' "Consent Judgment" (Document No. 44) on September 15, 2014. The "Consent Judgment" provides that judgment is entered in favor of RREF II DEU-NC III, LLC ("Lender" or "Plaintiff") against Investments International, Inc. and Bruce Blackmon in the amount of **$1,257,133.58**, and against Lyn Blackmon in the amount of **$854,782.67**. (Document No. 44, p.1).

On October 17, 2014, Plaintiff filed its "Request For Clerk To Issue Notice To Debtor Of

1

Right To Have Exemptions Designated." (Document No. 45). The Clerk of Court issued a "Notice Of Right To Have Exemptions Designated" (Document No. 50) on October 28, 2014. The Court's "Notice Of Right To Have Exemptions Designated" states in pertinent part:

> Under the Constitution and laws of North Carolina, you have the right to exempt from the collection of the judgment certain of your property . . . If you wish to keep your exempt property, you MUST fill out the attached Motion To Claim Exempt Property and mail or take it to the Clerk of Court at the address listed below. . . . The law gives you another option of requesting, in writing, a hearing before the Clerk to claim your exemptions. If you make a written request for a hearing, you will be notified of the time and place of the hearing when you may claim your exemptions.

(Document No. 50, p.1). See also, N.C.Gen.Stat. § 1C-1603(e)(1) ("the judgment debtor may either file a motion to designate exemptions with a schedule of assets or may request, in writing, a hearing before the clerk to claim exemptions.").

Defendants Lyn Blackmon and Bruce Blackmon (together, the "Blackmon Defendants") each filed a "Notice To Claim Exempt Property (Statutory Exemptions)" on December 4, 2014. (Document Nos. 52 and 53). Plaintiff's "Objection To Defendant Bruce Blackmon's Notice To Claim Exempt Property" (Document No. 54) and "Objection To Defendant Lynn Blackmon's Notice To Claim Exempt Property" (Document No. 55) were filed December 15, 2014. Plaintiff's Objections assert that Plaintiff intends to conduct post-judgment discovery to determine the validity of the exemptions claimed by Defendants, and that it reserves the right to assert any other applicable basis for objection by amendment of its Objections, or at any hearing held on Defendants' claimed exemptions. (Document No. 54, p.4 and Document No. 55, p.4). Plaintiff filed Notices of Subpoenas on December 19 and 31, 2014. (Document Nos. 56, 58, and 60).

Now pending before the Court is "Defendants Bruce Blackmon and Lyn Blackmon's

Motion To Modify Subpoenas" (Document No. 61) filed on December 31, 2014.  Defendants' "…Motion[s] To Modify…" request that the Court amend the issued Subpoenas to:  (1) limit the dates of records requested to 2011 through 2014;  (2) remove entities that are not parties to this case from the Subpoenas;  (3) remove Defendants' IRA institutions from the Subpoenas;  and (4) set this matter for a hearing to determine Defendants' exemptions prior to any response to the Subpoenas.  (Document No. 61, pp.2-3).  "Plaintiff's Response To Defendants Bruce And Lyn Blackmon's Motion To Modify Subpoenas" (Document No. 64) was filed on January 13, 2015; and "Defendants Reply To Plaintiff's Response…" (Document No. 68) was filed on January 23, 2015.  "Plaintiff's Sur-Reply . . ." (Document No. 69) was filed on January 28, 2015; however, Plaintiff did not seek leave of the Court to file a sur-reply.

The pending motion is now ripe for review and disposition.

## STANDARD OF REVIEW

The undersigned finds the following legal authority instructive on the issues before the Court.

Federal Rule Of Civil Procedure 69 provides as follows:

> **(1) *Money Judgment; Applicable Procedure.*** A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> **(2) *Obtaining Discovery.*** In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

Fed.R.Civ.P. 69(a)(1)-(2).

> The rules governing discovery in postjudgment execution proceedings are quite permissive. Federal Rule of Civil Procedure 69(a)(2) states that, "[i]n aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person—including the judgment debtor—as provided in the rules or by the procedure of the state where the court is located." See 12 C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 3014, p. 160 (2d ed. 1997) (hereinafter Wright & Miller) (court "may use the discovery devices provided in [the federal rules] or may obtain discovery in the manner provided by the practice of the state in which the district court is held"). The general rule in the federal system is that, subject to the district court's discretion, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. Rule Civ. Proc. 26(b)(1).

Republic of Argentina v. NML Capital, Ltd., 134 S. Ct. 2250, 2254 (2014).

Rule 26 of the Federal Rules of Civil Procedure further provides that:

> For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

## DISCUSSION

As an initial matter, the Court notes that counsel for the parties informed the undersigned's staff on January 28, 2015, that they have agreed that conducting some post-judgment discovery is appropriate, and that approximately three (3) months should be an adequate period of time to conduct such discovery, including reviewing responses to Subpoenas and holding depositions. Moreover, counsel now seem to agree that discovery should proceed

4

prior to any hearing before the Court. The question remaining is the extent to which, if at all, the Subpoenas should be modified.

The crux of the Blackmon Defendants' "…Motion To Modify Subpoenas" and their "…Brief In Support…" is that the Subpoenas issued by Plaintiff are overly broad in seeking: (1) information from January 1, 2009 forward; and (2) seeking information from entities that are not parties to this case. (Document Nos. 61 and 62).[1] Specifically, the Blackmon Defendants contend that the information sought "is properly exempted under N.C.Gen.Stat. § 1C-1601(a)(9)," and that Plaintiff "may not request information regarding exempt information unless the Court orders otherwise." (Document No. 62, p.2).

"Plaintiff's Response…" effectively asserts that the issued Subpoenas seek information from various non-party financial institutions regarding Defendants' financial affairs, and that the Subpoenas request documents related to companies owned and/or controlled by Defendants. (Document No. 64, p.2). Plaintiff further suggests that its requests are appropriate, at least in part, so that it may examine whether there have been transfers that might void certain exemptions. (Document No. 64).

In addition to Republic of Argentina v. NML Capital, Ltd., cited above, the Court finds other case law within the Fourth Circuit to be instructive here.

> As previously noted, a judgment creditor may obtain discovery from any person, including the judgment debtor, as provided in the Federal Rules of Civil Procedure or in applicable state procedures, and the Court has the authority to compel the production of post-verdict information "in aid of the judgment or execution" of that judgment.

---

[1] The Blackmon Defendants incorrectly assert that the Subpoenas also request information from 2006 to present. (Document No. 62, p.2). Plaintiff contends, and the undersigned agrees, that the Subpoenas only seek documents dating back to 2009. (Document No. 64, p.3).

5

> "Liberal discovery is afforded to judgment creditors under Federal Rule of Civil Procedure 69(a)(2)." "The presumption is in favor of 'full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment.'"
>
> It is generally true that "the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." Further, the judgment creditor has "wide latitude" in conducting post-judgment discovery. Thus, . . . post-verdict discovery in aid of the execution of a judgment can result in a "very thorough examination of the judgment debtor." And, of course, under the Federal Rules, [Plaintiff] is required to produce all information reasonably calculated to lead to the discovery of admissible evidence relevant to enforcement of the judgment.

E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc., 286 F.R.D. 288, 291-92 (E.D.Va. 2012) (emphasis added) (internal citations omitted).

The undersigned also notes the following cases within the Fourth Circuit, all applying Fed.R.Civ.P. 69(a)(2): Plumbers Local Union No. 5 v. Conditioned Air Systems, Inc., 2014 WL 4662468, at *1 (D.Md. Sept. 16, 2014) ("This Court views discovery as a means of facilitating the execution [of] that judgment."); Virginia Brands, LLC v. Kingston Tobacco Co., Inc., 2013 WL 1249070, at *3 (W.D.Va. March 26, 2013) ("Rule 69 entitles a judgment creditor to utilize the full panoply of federal discovery measures."); Silicon Knights, Inc. v. Epic Games, Inc., 917 F.Supp.2d 503, 534 (E.D.N.C. 2012) ("Information and documents pertaining to [Plaintiff's] prejudgment assets and finances is relevant to determining whether [Plaintiff] has, in preparation for a possible judgment, secreted, hidden, wasted, or otherwise improperly disposed of assets.").

The Blackmon Defendants do not appear to have identified any legal authority that

restricts this Court's authority, pursuant to Fed.R.Civ.P. 26 or Fed.R.Civ.P. 69, to allow the discovery requested by Plaintiff.  See (Document Nos. 61, 62, and 68).  Moreover, the Blackmon Defendants have not persuasively shown that the requested discovery will unnecessarily cause "annoyance, embarrassment, oppression or undue burden or expense."  See Fed.R.Civ.P. 26(c)(1).  Of course, Defendants may avoid further expenditure of time and resources by making appropriate arrangements with Plaintiff to satisfy the "Consent Judgment" (Document No. 44) without further Court intervention.

In short, the undersigned finds Plaintiff's arguments and authority persuasive.  See (Document No. 64).  The requested discovery appears reasonably calculated to produce relevant information that will support an efficient determination of property the Blackmon Defendants may properly claim as exempt from collection of the judgment.  The Court has broad discretion to allow such discovery.

## CONCLUSION

**IT IS THEREFORE, ORDERED** that "Defendants Bruce Blackmon And Lyn Blackmon's Motion To Modify Subpoenas" (Document No. 61) is **DENIED**.

**IT IS FURTHER ORDERED** that parties shall complete post-judgment discovery, and file a joint Status Report with the Court, on or before **May 4, 2015**.  The Status Report should inform the Court whether Defendants intend to file amended motions to designate exempt property or requesting a hearing before the Clerk to claim exemptions, and/or whether Plaintiff intends to file amended objections to Defendants' claims of exempt property.

**SO ORDERED**.

Signed: January 30, 2015



David C. Keesler
United States Magistrate Judge

7